FILED

October 12, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:52 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **MICHAEL VRANCICH,** | ) | **Docket No: 2016-05-1199** |
| **Employee,** | ) | |
| **v.** | ) | **State File No: 95168-2016** |
| **ALL AROUND INDUSTRIAL, INC.,** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **And** | ) | |
| **TRAVELERS INS. CO.,** | ) | |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned on October 10, 2018, for a Compensation Hearing. The central legal issues are: (1) whether Mr. Vrancich suffered a compensable injury arising primarily out of and in the course and scope of his employment at All Around Industrial (AAI); (2) if so, whether he is entitled to permanent partial disability benefits, temporary disability benefits, and future medical treatment. For the reasons below, this Court holds that Mr. Vrancich failed to establish by a preponderance of the evidence that he sustained an injury primarily arising out of and in the course and scope of his employment. Accordingly, the Court holds that he is not entitled to the requested benefits.

### History of Claim

Mr. Vrancich experienced neck, back, and shoulder pain at work and reported an injury to AAI on March 17, 2016. The parties disputed whether he declined treatment or whether AAI failed to provide medical benefits, but Mr. Vrancich returned to his home in Ohio and sought medical treatment there. Neither party introduced any medical records of that treatment into evidence for this Compensation Hearing.

Mr. Vrancich later filed a Petition for Benefit Determination that led to this Court's July 20, 2017 Expedited Hearing Order. The Order required AAI to provide Mr. Vrancich with a panel of physicians "and any medical treatment made reasonably

1

necessary by his March 17, 2016 injury."

AAI complied with the Order but found it difficult to provide medical treatment, as Mr. Vrancich lives in Ohio, and the doctors in his area were reluctant to accept him as a patient. Eventually, AAI requested a fee waiver from the Bureau, and Mr. Vrancich saw a neurologist, Dr. Teresa Ruch, at Cleveland Clinic. The limited records introduced into evidence indicated that Dr. Ruch's office saw Mr. Vrancich for complaints of low back pain and ordered an MRI and physical therapy. She refused to provide a causation opinion, which led to Mr. Vrancich's agreement to treat with Dr. Blake Garside in Nashville.

Dr. Garside reviewed Mr. Vrancich's medical records and saw him on March 14, 2018. He noted complaints of pain radiating into his shoulders and persistent numbness, tingling, and weakness in both arms. Shoulder MRIs showed a left labral tear and right rotator cuff tendinosis, but Dr. Garside felt there was "no specific injury or traumatic event consistent" with those conditions. Regarding the arm numbness and weakness, Dr. Garside suspected cervical radiculopathy or thoracic outlet syndrome and ordered a cervical MRI.

Following the MRI, Dr. Garside created an addendum to his office note. He noted:

> [Mr. Vrancich] had mild cervical kyphosis with disc bulging at C6-C7 contributing to slight flattening of ventral cord. There was no evidence of disc herniation or spinal stenosis present. . . Does not appear to have acute cervical cause of his pain and symptoms. . . Based on the MRI findings, his current complaints do not appear to be directly related to the work-related injury as described.

At the hearing, Mr. Vrancich contended that AAI failed to handle his claim properly and he has suffered as a result. He asserted he is entitled to medical and disability benefits because he gave clear notice of his problems to his supervisor, who failed to report the injuries or provide treatment.

AAI countered that it properly offered treatment to Mr. Vrancich when he reported the injury, but he declined treatment. In any event, AAI contended Mr. Vrancich is not entitled to workers' compensation benefits. It argued that he has not met his burden of establishing that his injuries arose primarily out of and in the course and scope of his work with AAI, because he submitted no medical opinions establishing causation.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Mr. Vrancich has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

Mr. Vrancich's burden includes proving that his injury arose primarily out of and in the course and scope of the employment. To meet this burden, he must show his injury was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, the Court cannot find that Mr. Vrancich met this burden. AAI did not dispute that Mr. Vrancich reported a specific incident or set of incidents identifiable by time and place. However, the parties introduced only one medical opinion addressing causation – that of Dr. Garside. He stated that Mr. Vrancich's current complaints do not appear to be directly related to his work injury. Absent any medical opinion to the contrary, Mr. Vrancich cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

Accordingly, this Court concludes that Mr. Vrancich failed to establish by a preponderance of the evidence that he sustained a compensable injury arising primarily out of and in the course and scope of his employment with AAI.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Vrancich's case against All Around Industrial, Inc. and its workers' compensation carrier is dismissed with prejudice against refiling it.

2. Costs of $150.00 are assessed against All Around Industrial, Inc. under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2018), to be paid within five days of this order becoming final.

3. All Around Industrial, Inc., shall prepare and file a statistical data form (SD2) within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244 (2018).

4. Absent an appeal, this Order shall become final in thirty days.

**ENTERED this the 12th day of October, 2018.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Affidavit of Michael Vrancich
2. Wage Statement
3. Choice of Physician Forms
4. Radiology order of July 31, 2017
5. August 16, 2016 Emergency Department record from Humility of Mary Health Partners
6. Employer's Responses to Employee's Interrogatories and Requests for Production
7. Unsigned discovery request
8. Scheduler's Worklist dated July 31, 2017 (Identification Only)
9. Records from Dr. Blake Garside
10. Copy of 2015 W-2 Forms
11. 2016 and 2015 income tax returns
12. First Report of Injury
13. December 29, 2017 letter from Dr. Teresa Ruch
14. July 31, 2017 Physical Therapy Referral
15. Daily Sign In & Out sheet for March 17, 2016
16. August 25, 2017 fax from Andrea Tindell PA-C

Technical Record:

1. Petition for Benefit Determination

2. Show Cause Order
3. July 20, 2017 Expedited Hearing Order
4. Order for Clarification
5. Order on Motion to Dismiss
6. Order on Motions for Panel
7. Scheduling Order
8. Order on Motion for Telephonic Hearing
9. Post-Discovery Dispute Certification Notice
10. AAI's Exhibit and Witness Lists
11. AAI's Pretrial Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of October, 2018.

| Name | Certified Mail | Via Email | Address |
|---|---|---|---|
| Michael Vrancich, Self-Represented Employee | X | X | 173 Terrace Drive Youngstown, OH 44512 Mikev330@outlook.com |
| Chip Storey, Employer's Attorney | | X | cstoreyj@travelers.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov